# Kayser v. Bird.

### Assumpsit.

(Decided February 1, 1917. 74 South. 49.)

**Highways; County Road Tax; Custodian of Funds.**—Construing Local Acts 1911, p. 343, as amended by Local Acts 1915, p. 285, with sections 2206, 2207-2208-2200, it is held that the legislative intent to constitute the tax collector the permanent custodian of the county road fund was not indicated, but that he was required to keep them separate from other funds until such time as he pays them over to the treasurer and that the county treasurer is the lawful custodian of a road fund paid over to him and that such fund is subject to a warrant properly drawn upon the treasurer to that end.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Action by Leo Kayser against J. S. Bird as treasurer of Shelby county, and the sureties on his official bond, for the amount of interest due on certain warrants drawn by the county board of revenue on the county treasurer in favor of plaintiff's assignor, A. T. Newell. Judgment for defendant and plaintiff appeals. Reversed, rendered, and remanded.

These warrants were issued under the authority of the general laws of the state, and in accordance therewith, and pursuant to resolutions adopted and contracts duly signed by the board of revenue for the purpose for paying for roads and bridges constructed in said county under a contract with Newell. They were issued June 1, 1914, and these interest coupons were presented to and registered by the county treasurer on June 8, 1914, as claims against the county. They are payable out of the road fund of Shelby county. The motion shows that they were pre-

sented to the county treasurer for payment on March 11, 1916, and payment was refused although at that time, the treasurer had in his hands a large sum, to wit, $10,000 belonging to the road fund, which was more than sufficient to pay plaintiff's claim, and all other claims against the fund prior thereto. Among other special pleas defendant interposed the following:

(24) These defendants say that at the 1915 session of the Legislature of Alabama the Legislature passed a local act, a copy of which was attached to the plea and made a part of the plea, which act amends sections 7, 8, 9, 18, and 22 of an act, entitled "An act to provide for the control, working, maintenance, building and improvement of the public roads and bridges of Shelby county, Alabama," passed at the session of the Legislature of Alabama, 1911 (a copy of said sections above numerated is attached to the plea and made a part of it), and defendants aver that on account of the passage of said Local Acts of 1915, said Joe S. Bird, as treasurer of Shelby county, at the time demand was made upon him by movant, for the payment of warrants described in movant's motion had no funds in his hands out of which he could legally pay the warrants described in the motion.

(35) Defendants say that at the 1915 session of the Legislature of Alabama, said Legislature passed a local act (a copy of which is attached and made a part hereof) which act was approved by the Governor of Alabama, on September 4, 1915. And at the 1911 session of the Legislature, said Legislature passed an act (a copy of which is attached and made a part hereto) and which was approved by the Governor on April 22, 1911. And defendants aver that said money in the hands of Joe S. Bird as treasurer of Shelby county at the time said demand was made on him, and constituting the road fund described in said motion, or any part thereof, was collected by the tax collector of said county in pursuance of an assessment of taxes made by the assessor of Shelby county under and in accordance with the levy of said taxes made by the board of revenue of said county (a copy of said levy is attached and made a part hereof), and defendants further aver that therefore said money so collected by said tax collector was erroneously and wrongfully paid by him to said J. S. Bird as treasurer.

Demurrers to these pleas present the question of their unconstitutionality on various grounds, and also invoke the construction of the law to determine whether under the Local Acts of

1915, the county tax collector or the county treasurer is the lawful custodian of the road fund in question.

TILLMAN, BRADLEY & MORROW for appellant. W. L. ACCUFF and W. W. WALLACE for appellee.

SOMERVILLE, J.—Section 8 of the act approved April 22, 1911 (Local Acts 1911, pp. 341, 343), relating to the public roads of Shelby county, is as follows: "The county treasurer is hereby designated as the person to collect the road fund provided for in this bill, and he shall attend the places designated by the tax assessor and collector for assessing and collecting the state and county taxes in the various beats of said county. The said county treasurer shall have printed at the expense of the county receipt books with stubs or duplicate of such receipt which shall be at all times open to the inspection of the public. And the county treasurer shall keep said three dollars road fund, and any other road fund appropriated by the commissioners of said county or board of revenue out of either the general or special funds collected for said county, separate from all other funds, and shall pay out the same on the warrants drawn by the commissioners court or board of revenue of said county."

It is the theory of defendant's special pleas 24 and 35, that the amended section substitutes the tax collector for the treasurer, not only as the agent for the collection of the special road tax, but also the permanent custodian of the fund after it is collected; and hence the conclusion that, whether the fund has in fact been paid over to the treasurer or not, the collector remains its custodian de jure et lege, and it is not payable upon a warrant drawn upon the treasurer. At first sight such may indeed seem to be the purpose and effect of the amendment in question. But our consideration of the language of the amended section, and its relation to the general laws, leads us to a different conclusion.—Section 2206 of the Code is: "Whenever any tax collector collects any special taxes, he shall specify in the receipts given to taxpayers the amount of such taxes, and the purpose for which they were levied and collected."

Section 2207 is: "Such special taxes, when collected, must be paid over by him to the county treasurer, and be kept by him as a distinct fund."

Section 2208 is: "The county treasurer receiving such special taxes shall keep the same separate and distinct from all

[Kayser v. Bird.]

other public funds, and shall keep a separate account thereof, and shall promptly disburse the same upon orders drawn thereon by the legally authorized authority."

And section 2200 provides for a report by the county collector to the county treasurer, within the first three days of each month until his final settlement for the year, "setting forth separately the taxes collected by him * * * during the preceding month," and requiring him, within five days thereafter to "pay to the county treasurer all county taxes then due from him to the county, by him before that time collected."

We find nothing in the language of the amended section that indicates a legislative intent to change these general laws in the particular referred to. To require the collector to keep the special road fund separate from other funds falls very far short of requiring or authorizing him to keep it permanently as its final and only custodian. Under the general statutes quoted, he must need "keep" the fund as collected from month to month, until he pays it over to the treasurer; and the natural meaning of the amended section is that, while the fund is in his hands, he, like the treasurer, must keep it separate from other funds. It follows that the county treasurer, the defendant, is the lawful custodian of the fund here sought to be subjected to plaintiff's claim, and the warrants are properly drawn upon the treasurer to that end.

We hold that the demurrers to special pleas 24 and 35 should have been sustained, and the judgment of the trial court in overruling them will be reversed, and a judgment here rendered accordingly.

We pretermit, as unnecessary, any discussion or decision as to the constitutionality of the Amendatory Act of September 4, 1915, since the pleas attacked are bad on other grounds.

Reversed, rendered, and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.